## McQuaid vs. Tait.

This court will not revise the judgment of a circuit court, unless all the evidence before that court is made part of the record.
*Montgomery vs. Carpenter,* ante—cited. If the record fails to show error in the adjudication made by the court below, its judgment will be pronounced correct.

THIS was an action of debt, determined in Pulaski Circuit Court, at September term, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Tait sued John and James McQuaid on a bond made by them to George Waring & Co., assigned to Tait. McQuaid moved the court below to dismiss for want of a bond for costs; the motion was overruled, and judgment *nil dicit.* The motion to dismiss appears to have been based on the admission that the plaintiff was a non-resident. At the end of the declaration there is a bond in these words: "I am held and bound unto James McQuaid

and John McQuaid in the sum of one hundred dollars, signed and sealed this 10th day of July, A. D. 1841, conditioned that if I pay all the costs which may accrue in the foregoing suit, then this bond to be void. This bond was duly executed by R. S. Carter.

*Ashley & Watkins,* for plaintiff.

*Pike & Baldwin,* contra.

*By the Court,* RINGO, C. J. Upon the record and assignment of errors, a single question arises for the consideration and decision of this court, viz: Did the court err in refusing to dismiss the suit on the motion of the defendants below? To enable this court to revise the judgment given upon this motion, all of the testimony before that court, on the hearing of the motion, should have been made of record in the case, by bill of exceptions or otherwise; or if there was no testimony adduced, this fact should be made to appear, so as to avoid the effect of the presumption of law always indulged in such cases, where the adjudication must of necessity have depended upon facts to be established by testimony. The record before us fails to show the testimony upon which the court adjudicated the motion, or to state that no testimony, other than the admission of the attorney of the plaintiff, that the plaintiff was non-resident in the State when the suit was instituted, was adduced and heard on the trial; thus leaving the adjudication subject to the full operation of the legal presumption, that other testimony, in every respect competent and sufficient to establish the fact in question and warrant the decision made, was adduced to, and heard by, the court. And the bond for costs being, according to the decision of this court at the last term thereof, in the case of *Montgomery vs. Carpenter,* no part of the record of the case, unless made so by bill of exceptions, or some other appropriate legal means, none of which have been used in this case, the plaintiff below, for aught that this court can judicially know, may have produced, in defence of the motion, the obligation of some responsible person resident in this State, binding himself to pay all costs which might accrue in the suit, filed by him in the office of the clerk before

the commencement of the action; and as nothing to the contrary appears by the record, the law requires us to presume that such was the fact; consequently the record fails to show any error in the adjudication of the motion made by the defendants below to dismiss this suit; and no error appearing in the other proceedings and final judgment in the case, said judgment is hereby in all things affirmed with costs.